UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                        Case Nos.    3:99cr77/LAC/CJK
                                                       3:15cv371/LAC/CJK

TYRELL PLAIR
_____/

## ORDER and REPORT AND RECOMMENDATION

This case is before the court on Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 167). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After review of the record, it is the opinion of the undersigned that Defendant's motion should be summarily dismissed, and his motion for leave to proceed in forma pauperis will be denied.

BACKGROUND and ANALYSIS

Defendant pleaded guilty to conspiracy to distribute cocaine and cocaine base, and in March of 2000 he was sentenced to a term of 240 months imprisonment. (Docs. 34, 60, 61). In March of 2001, Defendant filed a motion to vacate under 28

U.S.C. § 2255.   (Doc. 86).  One of the grounds for relief Defendant raised was a claim that counsel was constitutionally ineffective because he failed to file an appeal.  (Doc. 86 at 7).   The court directed Defendant to file a supplemental affidavit providing further information with respect to this claim (doc. 112), and when Defendant failed to timely respond, it afforded him additional time to comply.  (Doc. 113).  Defendant again failed to respond, and on October 28, 2003, the magistrate judge recommended that Defendant's motion be denied in its entirety.  (Doc. 114).  In its recommendation, the court analyzed the  merits of Defendant's claim regarding counsel's failure to file an appeal, and, based on the record before it, found the claim to be without merit.  (*Id*. at 8–12).  Defendant filed no objections, and the district court adopted the recommendation in November 2003.  (Doc. 115, 116).  Defendant did not appeal.  A number of years elapsed before Defendant filed a second motion to vacate in 2012.  (Doc. 149).  The court dismissed that motion as successive in May 2013.  (Docs. 159, 161).

Defendant has now filed a third motion to vacate in which he again claims that counsel failed to file a direct appeal as instructed.  (Doc. 167 at 4).   Defendant maintains that because he seeks only to "reinstate his appellate rights," his motion is not a second or successive filing, citing *Carranza v. United States*, Case No. 12-334-OP, 2015 WL 4429669 (2d Cir. Jul. 21, 2015).

In *Carranza*, the Second Circuit considered petitioner's request for leave to file a successive § 2255 motion in which he sought to claim (1) that counsel was ineffective for failing to timely file an appellate brief, resulting in the dismissal of his direct appeal, and (2) that he had been denied proper access to the courts due to counsel's ineffectiveness.  The Second Circuit concluded that the proposed § 2255

motion was not second or successive because it sought only to reinstate Carranza's direct-appeal rights and did not challenge the legality of the sentence imposed.[1]  The court denied Carranza's request for leave to file a successive motion as unnecessary and transferred the matter to the district court with instructions that the motion be "accepted for filing."

*Carranza*, of course, is not binding precedent in the Eleventh Circuit. Moreover, unlike the petitioner in *Carranza*, Defendant Plair has already, in his first motion to vacate, unsuccessfully litigated the claim relating to counsel's alleged failure to file an appeal.  Defendant's failure to supplement the record, as directed by the court, was part of the record that led to an unfavorable ruling on his claim.  The instant motion is perhaps intended as a creative attempt to secure another bite at the tasty burger of federal habeas relief.

Before a second or successive application for § 2255 relief may be pursued in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 F. App'x 409 (11th Cir. 2010).   Defendant's reliance on the non-binding and factually distinguishable *Carranzo* case does not excuse him from this requirement.

Even if the instant motion were not successive, the question of timeliness remains.  The *Carranza* court was not in a position to address whether the 2255 motion in that case would be timely, and specifically stated that it would "express no

---

[1]It is also apparent from the opinion that counsel's failure to file an appeal was not at issue in Carranza's initial § 2255 motion.   2015 WL 4429669, at *5.

views on this issue and leave it to the district court to resolve in the first instance." *Carranza*, 2015 WL 4429669, at *5, n.4.  Thus, the fact that the Second Circuit directed that Carranza's motion be accepted for filing was not tantamount to a merits ruling in Carranza's favor or even a finding that the lower court should reach the merits of the motion.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Because Defendant did not file a direct appeal, his conviction became final when the time for doing so expired, in March 2000.  His initial § 2255 motion in March 2001 was timely filed, but the instant motion was filed over fourteen years later.  Neither *Carranza* nor any other case excuses Defendant's untimely filing or restarts the proverbial clock.

Finally, again assuming that the instant motion is not barred as successive, the court finds that Defendant cannot show that he is entitled to the protection of equitable tolling.  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d

1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). In this case, Defendant attempted to litigate the very claim he seeks to raise herein in his initial § 2255 motion, but for all intents and purposes abandoned his pursuit of this claim. There is no record evidence that would suggest the diligent pursuit of his rights that would be necessary for the application of equitable tolling.

In sum, even setting aside that the merits of the appeal claim were decided adversely years ago, Defendant's motion is successive and untimely and should be summarily dismissed.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED**:

Defendant's motion for leave to proceed in forma pauperis (doc. 168) is **denied as moot**.

And based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The motion to vacate, set aside, or correct sentence (doc. 167) be summarily **DENIED and DISMISSED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24th day of August, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual**

findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).